873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SEARS, ROEBUCK & CO., Plaintiff-Appellee,
v.
Sydney BRUCE; Robert W. Bruce, Defendants-Appellants.
 No. 88-2617.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1989.
Decided: April 5, 1989.
 
 Henry Donald Sellers (F. Matlock Elliott, Haynsworth, Marion, McKay & Guerard, on brief), for appellants.
 Robert Wightman Dibble, Jr. (Jane W. Trinkley, T. Parkin Hunter, McNair Law Firm, P.A., on brief), for appellee.
 Before K.K. HALL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants are the owners of a building leased to Sears, Roebuck & Company in Rock Hill, South Carolina. They appeal the judgment entered following a bench trial in which the district court found that Sears had effectively renewed the lease. The original lease was dated April 26, 1967, and the original owners/landlords were S.F. Irby, Jr. and Elizabeth Hopkins Irby. The title to the real estate passed through several owners before being vested in Sydney Bruce and Robert W. Bruce. The term of the lease was 20 years, and the lease provided an extension of the term for four additional periods of five years each. The lease also provided the method for giving notice of an intention to extend the term.
 
 
 2
 This litigation involves the issue of whether Sears gave timely notice to extend the term. The district court, after hearing testimony and considering the other evidence presented, made thorough findings of fact and conclusions of law. We have had the benefit of excellent briefs and oral arguments and we conclude that the trial court was not clearly erroneous. Appellants contend that the recent opinion of the South Carolina Supreme Court in 33 Flavors Stores of Virginia, Inc. v. Hoffman's Candies, Inc., 370 S.E.2d 293 (S.C.App.1988) requires the court to find for appellants. We find this case to be inapposite because in it the attempt to give notice of renewal was four days after the date stated in the lease. The district court found that Sears did give notice to the proper address within the time required by the lease.
 
 
 3
 We affirm for the reasons set forth by the district court in its order and judgment of August 1, 1988.
 
 
 4
 AFFIRMED.